UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID UPTON, | ) No. ED CV 08-1497-ABC (PJW) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE DISMISSED |
| DIRECTOR OF CORRECTIONS, | ) |
| Respondent. | ) |

On October 24, 2008, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), seeking to challenge the lawfulness of a parole revocation proceeding. According to the Petition, he was convicted of being a felon in possession of a loaded firearm in January 2006 and sentenced to four years in custody.[1] (Petition at 2.) Thereafter, he was released on parole and, in September 2008, his parole was revoked, resulting in a five-month sentence, which he is currently serving. (Petition at 3-4.) In the Petition, he claims that the September 2008 revocation proceedings violated his constitutional rights. (Petition at 3-6.)

---

[1] Petitioner has filed a separate habeas petition challenging the underlying convictions, which is still pending before the Court. (See *Upton v. State of California*, CV 07-1067-ABC (PJW).)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner does not allege that he has presented any of his grounds for relief to the California Supreme Court. Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

IT IS THEREFORE ORDERED that, no later than December 1, 2008, Petitioner shall inform the Court in writing why this case should not

be dismissed for failure to exhaust.  Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:    October   30   , 2008.

*Patrick J. Walsh*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\UPTON, D 1497\OSC dismiss pet.wpd