1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

DAVID UPTON,                        )  No. ED CV 08-1497-ABC (PJW)
11                                  )
                Petitioner,         )  ORDER TO SHOW CAUSE WHY PETITION
12                                  )  SHOULD NOT BE DISMISSED
             v.                     )
13                                  )
DIRECTOR OF CORRECTIONS,            )
14                                  )
                Respondent.         )
15  _____)

16      On October 24, 2008, Petitioner filed a Petition for Writ of

17  Habeas Corpus ("Petition"), seeking to challenge the lawfulness of a

18  parole revocation proceeding.  According to the Petition, he was

19  convicted of being a felon in possession of a loaded firearm in

20  January 2006 and sentenced to four years in custody.[1]  (Petition at

21  2.)  Thereafter, he was released on parole and, in September 2008, his

22  parole was revoked, resulting in a five-month sentence.  (Petition at

23  3-4.)  Petitioner claims that the September 2008 revocation

24  proceedings violated his constitutional rights.  (Petition at 3-6.)

25  Beginning in April 2009, however, Petitioner notified the Court of

26  several changes of address, all of which listed street addresses

27  _____

28      [1]  Petitioner has filed a separate habeas petition challenging
    the underlying convictions, which is still pending before the Court.
    (*See Upton v. State of California,* CV 07-1067-ABC (PJW).)

1  indicating Petitioner had served the entirety of the sentence and been

2  released from prison.

3       The case or controversy requirement of Article III of the

4  Constitution deprives the Court of jurisdiction to hear moot cases.

5  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).  A case

6  becomes moot if the issues presented are no longer "live" or the

7  parties have no legally cognizable interest in the outcome.  *Murphy v.*

8  *Hunt*, 455 U.S. 478, 481 (1984).  "To satisfy the Article III case or

9  controversy requirement, a litigant must have suffered some actual

10 injury that can be redressed by a favorable judicial decision."  *Iron*

11 *Arrow*, 464 U.S. at 70.

12      A habeas petition that challenges an underlying conviction is not

13 rendered moot by the expiration of the sentence that was imposed as a

14 result of the conviction.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  In

15 such a case, courts presume that a criminal conviction has some

16 continuing, collateral consequences that will preclude mootness.  *Id*.

17 at 7-8.  This presumption of continuing collateral consequences does

18 not extend to parole revocations.  *Id*. at 12, 14.  Therefore, a

19 petitioner who seeks to challenge the validity of a parole revocation

20 term that has already been served must demonstrate that continuing

21 collateral consequences exist, or the petition will be dismissed as

22 moot.  *Id.* at 14; *see also Cox v. McCarthy*, 829 F.2d 800, 803 (9th

23 Cir. 1987) (finding claim moot because "[i]t is clear that the direct

24 consequences of the state action challenged here can no longer be

25 remedied in habeas").

26

27

28

2

IT IS THEREFORE ORDERED that, no later than March 17, 2010, Petitioner shall inform the Court in writing why this case should not be dismissed as moot.  Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:     February  18  , 2010.

_Patrick J. Walsh_

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\UPTON, D 1497\Second OSC dismiss pet.wpd

3